IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Donna M. Jensen, | Civil Action No.: 4:12-cv-02133-RBH |
| Plaintiff, | |
| v. | **ORDER** |
| Selective Insurance Company of the Southeast, | |
| Defendant. | |

Plaintiff Donna M. Jenson ("Plaintiff") filed this declaratory judgment action to determine the availability underinsured motorist ("UIM") benefits under a policy of insurance issued by Defendant Selective Insurance ("Defendant"). This matter is before the Court on Defendant's Motion for Summary Judgment [Doc. # 39]. For the reasons discussed herein, Defendant's Motion is granted.[1]

## Undisputed Facts

Plaintiff is the owner of Four J's & a D, LLC d/b/a The Learning Station ("Four J's"),[2] a day care facility. Defendant issued an insurance policy to Four J's which provided, among other benefits, UIM coverage under certain circumstances in an amount up to $1,000,000. The policy also listed two separate 1995 Chevrolet 12-passenger vans as covered autos.

---

[1] Under Local Rule 7.08, "hearings on motions may be ordered by the Court in its discretion. Unless so ordered, motions may be determined without a hearing." The issues have been briefed by the parties, and the Court believes a hearing is not necessary.

[2] Four J's was originally a Plaintiff in this action, and Peoples Underwriters, Inc., the producer of the policy, was originally a Defendant in this action. However, in August 2012 the Court granted motions to dismiss filed by Defendant and Peoples Underwriters, Inc., which had the effect of eliminating both Four J's and Peoples Underwriters, Inc. as parties to this action. No party filed a motion requesting that the Court reconsider or amend this order.

On May 11, 2011, while Plaintiff was working at her desk in her office, Courtney Lynn Nelson ("Ms. Nelson") drove a car into the exterior wall of the office, causing injuries to Plaintiff. The parties agree that Plaintiff was not occupying either of the 1995 Chevrolet 12-passenger vans listed on the policy at the time of the accident.

Plaintiff filed this action seeking UIM benefits under Four J's policy.[3] Plaintiff claims she was seeking individual protection when she acquired the policy issued to Four J's, and that she believe she was protected individually under the policy. Defendant argues Plaintiff was not an insured under the policy, and is thus not entitled to coverage.

**Relevant Policy Provisions**

The policy includes an endorsement titled "South Carolina Underinsured Motorists Coverage" which provides in pertinent part as follows:

   A.   Coverage

        1.   We will pay in accordance with the South Carolina Underinsured Motorists Law all sums the "insured" is legally entitled to recover as damages from the owner or driver of an "underinsured motor vehicle". . . .
   . . . .
   B.   Who Is An Insured

        If the Named Insured is designated in the Declarations as:

        1.   An individual, then the following are "insureds":

             a.   The Named insured and any "family members".

---

[3] Plaintiff also sought coverage under a personal automobile policy with Allstate that included UIM. It is unclear how much Plaintiff received from Allstate. Further, Defendant alleges, and Plaintiff does not appear to dispute, that the insurance company for Ms. Nelson tendered $25,000 to Plaintiff through Ms. Nelson's automobile liability policy.

2

        b.        Anyone else "occupying" a covered "auto" . . . .

    . . . .

    2.        A partnership limited liability company, corporation or any other form of organization, then the following are "insureds":

        a.        Anyone "occupying" a covered "auto" or a temporary substitute for a covered "auto". . . .

        . . . .

        c.        The Named Insured for "property damage" only.

[*See* Policy, Doc. # 38-1, at 12.]

### **Standard of Review**

The court shall grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). The movant bears the initial burden of demonstrating that summary judgment is appropriate; if the movant carries its burden, then the burden shifts to the non-movant to set forth specific facts showing that there is a genuine issue for trial. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 23 (1986) (holding that summary judgment is not "a disfavored procedural shortcut;" rather, it is an important mechanism for weeding out "claims and defenses [that] have no factual bases").

If a movant asserts that a fact cannot be disputed, it must support that assertion either by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials;" or by "showing . . . that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1).

Regarding insurance policies specifically, South Carolina law[4] subjects these policies "to the general rules of contract construction." *M & M Corp. of S.C. v. AutoOwners Ins. Co.*, 390 S.C. 255, 259, 701 S.E.2d 33, 35 (2010). We "interpret insurance policy language in accordance with its plain, ordinary, and popular meaning, except with technical language or where the context requires another meaning. Policies are construed in favor of coverage, and exclusions in an insurance policy are construed against the insurer." *Id*.

Nevertheless, "the law is clear that, in construing an insurance contract, all of its provisions must be considered together." *MGC Mgmt., Inc.*, 336 S.C. at 548, 520 S.E.2d. at 823. "[T]he court must consider the entire contract between the parties to determine the meaning of its provisions, and that construction will be adopted which will give effect to the whole instrument and each of its various parts, so long as it is reasonable to do so." *Id.*

A court must enforce, not write, contracts of insurance and must give policy language its plain, ordinary and popular meaning. *MGC Mgmt., Inc. v. Kinghorn Ins. Agency*, 336 S.C. 542, 549, 520 S.E.2d. 820, 823 (Ct. App. 1999); *see also State Farm Fire & Cas. Co. v. Barrett*, 340 S.C. 1, 8–9, 530 S.E.2d 132, 136 (Ct. App. 2000) ("When a policy does not specifically define a term, the term should be defined according to the usual understanding of the term's significance to the ordinary person."). Thus, a court should not "torture the meaning of policy language in order to extend or defeat coverage that was never intended by the parties." *Barrett*, 340 S.C. at 8, 530 S.E.2d at 135.

It is the insured's burden to establish that a claim falls within the coverage of an insurance

---

[4] The parties agree that the policy, which was issued to Four J's in South Carolina, is governed by South Carolina law.

contract. *Gamble v. Travelers Ins. Co.*, 251 S.C. 98, 160 S.E.2d 523, 525 (S.C.1968). Alternatively, the insurer shoulders the burden of establishing the exclusions to coverage. *Boggs v. Aetna Cas. & Sur. Co.*, 272 S.C. 460, 252 S.E.2d 565, 568 (1979).

## Discussion

For the reasons discussed below, the Court finds that Plaintiff does not qualify as an insured under the unambiguous terms of the policy and the policy therefore does not afford UIM coverage under these circumstances.

In addition to the policy's definition of an "insured," South Carolina law defines an "insured" as follows:[5]

> [T]he named insured and, while resident of the same household, the spouse of any named insured and relatives of either, while in a motor vehicle or otherwise, and any person who uses with the consent, expressed or implied, of the named insured the motor vehicle to which the policy applies and a guest in the motor vehicle to which the policy applies or the personal representative of any of the above.

S.C. Code Ann. § 38-77-30(7). Here, Plaintiff cannot meet either the statutory or policy definition of an insured.

First, Four J's was the only entity ever named as an insured under the policy. Plaintiff attempts to argue that the policy was ambiguous because it led Plaintiff to believe she was individually covered under the policy. This argument is simply untenable. The policy at issue is

---

[5] Defendant's Motion discusses the distinction between Class I and Class II insureds. Under South Carolina law "[t]he two classes of insureds are: (1) the named insured, his spouse and relatives residing in his household; and (2) any person using, with the consent of the named insured, the motor vehicle to which the policy applies and a guest in the motor vehicle." *Concrete Servs., Inc. v. U.S. Fid. & Guar. Co.*, 331 S.C. 506, 509, 498 S.E.2d 865, 866 (1998). However, whether an insured is a Class I or Class II insured is relevant primarily on the issue of stacking. *See Ohio Cas. Ins. Co. v. Hill*, 323 S.C. 208, 211, 473 S.E.2d 843, 845 (Ct. App.1996). The issue here is not whether Plaintiff can stack coverage. Thus, the Court's analysis focuses on whether Plaintiff is covered under the policy at all.

plainly for a commercial enterprise as it identifies itself as a "Commercial Policy," and includes a "Business Automobile Coverage Declaration." [*See* Policy, Doc. # 38-1, at 1, 5.] In the description of the named insured, the policy lists the named insured as "FOUR JS & A D, LLC DBA THE LEARNING STATION," and indicates in a subsequent box that the named insured is a "LTD LIABILITY." [*Id*. at 1.] It is apparent that the insured is a business, and the subsequent description of the insured as a limited liability company bolsters this understanding. Further, on the Business Automobile Coverage Declaration, the policy lists the business of the named insured as "DAY CARE." [*Id*. at 5.] Additionally, nowhere in the policy is Plaintiff listed as an insured. When examining the plain language of the policy as a whole, it is both clear and reasonable that the only named insured was Four J's, a limited liability company that operated a day care.[6]

Second, because Four J's is an LLC, Plaintiff cannot qualify as an insured as the company's spouse, relative, or family member. [*See* Policy, Doc. # 38-1, at 12 (indicating that "family

---

[6] Plaintiff appears to make a number of rather novel arguments with little citation to legal authority. Specifically, Plaintiff argues that Defendant has not provided a "trustworthy" policy because (1) the declarations page is unsigned; (2) while the declarations page states that the coverage period is from April 17, 2011, to April 17, 2012, the issue date of the policy is listed as May 22, 2012; and (3) the UIM endorsements are inadequate because they are unsigned and do not identify the named insured or contain key policy information. [*See* Resp., Doc. # 40-1, at 2–3.] These arguments are unavailing. First, as to any issues with the declarations page, including the date, Plaintiff attached an identical declarations page to her original complaint in this action. [*See* Compl., Doc. # 1-2, at 1.] The parties also filed a joint stipulation stating that Defendant "issued a policy of insurance to [Four J's]. The relevant policy excerpts are attached . . . ." [Stip. of Facts, Doc. # 38, at 1.] The attached policy also reveals an identical declarations page. [*See* Policy, Doc. # 38-1, at 1.] While the Court acknowledges that the "date issued" on the policy appears to occur after both the policy period and the accident at issue, no party disputes that the policy was in effect at the time of Plaintiff's accident. Second, as to any challenge of the UIM endorsements, those endorsements were attached to the policy jointly submitted by the parties and this Court is to construe insurance contracts as a whole. [*See* Policy, Doc. # 38-1, at 12.] Moreover, page four of the policy itself specifically list the UIM endorsements. [*Id*. at 4.]

6

members" are only covered under the policy where the "named insured" is an individual and not a corporation).] *See also Concrete Servs., Inc. v. U.S. Fid. & Guar. Co.*, 331 S.C. 506, 509, 498 S.E.2d 865, 866 (1998) ("[A] corporation, as such, cannot have a spouse or family members.").

Third, it is undisputed that Plaintiff was not occupying any of the vehicles covered under the policy at the time of the accident. [*See* Policy, Doc. # 38-1, at 12 (indicating that when the "named insured" is a corporation, "[a]nyone 'occupying' a covered 'auto'" is also an insured).] "Moreover, she was not in, upon, getting in, on, out or off of either of those vehicles or any other vehicle at the time of the accident." [Stip. of Facts, Doc. # 38, at 1.] *See also McWhite v. ACE Am. Ins. Co.*, No. 4:07-cv-01551, 2010 WL 1027872, at *6–8 (D.S.C. March 17, 2010), *aff'd*, 412 Fed. App'x 584 (4th Cir. 2011) (holding, under a similar definition of insured, that individual was not insured because he was not "occupying" a covered auto at the time of the accident).

## Conclusion

Having thoroughly analyzed the record in this case, including the briefs filed by the parties and the respective arguments therein, the Court finds that because Plaintiff was neither a named insured nor occupying a covered auto at the time of the accident at issue, she is not entitled to UIM benefits under the policy's plain and unambiguous terms.

It is **THEREFORE ORDERED** that Defendant's Motion for Summary Judgment [Doc. # 39], is **GRANTED**, and Plaintiff's declaratory judgment action is **DISMISSED**.

**IT IS SO ORDERED.**

s/ R. Bryan Harwell  
R. Bryan Harwell  
United States District Judge

Florence, South Carolina  
June 18, 2013